UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                                                <u>DECISION AND ORDER</u>

                                                                                04-CR-6143L
                                                                                08-CV-6134L

            v.

RODNEY RODRIGUEZ-LOPEZ,

                                  Defendant.
_____

        Defendant, Rodney Rodriguez-Lopez ("Rodriguez-Lopez"), has filed a petition, *pro se,* seeking to vacate the judgment in this case, pursuant to 28 U.S.C. § 2255. The motion is denied and the petition is, in all respects, dismissed.

        Rodriguez-Lopez, represented by experienced counsel, pleaded guilty on February 23, 2007, pursuant to a written plea agreement. He pleaded to only Counts 4 and 8 of the Fourth Superseding Indictment in satisfaction of the indictment. The plea agreement provided for several things: the parties stipulated that between 5 and 15 kilograms of cocaine was the relevant conduct, and it was also agreed, pursuant to FED. R. CRIM. P. 11(c)(1)(C), that the Court would sentence Rodriguez-Lopez to an aggregate sentence of 157 months imprisonment. It was also provided that the defendant could not appeal or otherwise collaterally attack the sentence and judgment.

The Court, after reviewing the presentence report, did sentence Rodriguez-Lopez, as agreed, principally to a term of 157 months incarceration, on May 2, 2007. Rodney Rodriguez-Lopez did not appeal that judgment but now brings in the instant petition, *pro se.*

The petition must be dismissed. First of all, Rodriguez-Lopez agreed in the plea agreement to give up or waive the right to appeal or otherwise attack the judgment. That is precisely what he now intends to do, claiming ineffective assistance of counsel. For that reason alone, the petition should be dismissed.

But, aside from that procedural matter, there is no basis whatsoever to undue what Rodriguez-Lopez agreed to do by pleading guilty with an agreed upon sentence of 157 months. Even a cursory review of the transcript of the plea proceedings and sentencing proceedings shows, beyond peradventure, that Rodriguez-Lopez was advised of all of the terms of the plea agreement, the consequences for pleading guilty, as well as all of his legal and constitutional rights. Many of the matters discussed now by Rodriguez-Lopez were specifically discussed with him at the time of the plea. Rodriguez-Lopez indicated on the record, under oath, that he understood all of the matters relating to the plea and that he did not question or object to any of the terms. It is clear that the plea was knowing and voluntary and that there was a factual basis to accept the plea.

As the Government notes in its answer to defendant's motion (Dkt. #319), Rodriguez-Lopez reaped substantial benefits from entering into the proposed plea agreement. Had the Government insisted that he plea to the conspiracy count, he would have faced a mandatory 10 year sentence and had he pleaded to or been found guilty of a second violation of 18 U.S.C. § 924(c), he would have faced a 25 year sentence.

There is no basis now to vacate the judgment and sentence which Rodriguez-Lopez bargained for and which was beneficial to him. No hearing is necessary since Rodriguez-Lopez, under oath, made statements that are directly contrary to the present allegations set forth in this § 2255 petition.

There is no basis whatsoever to determine that Rodriguez-Lopez received deficient performance by his counsel under the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). To establish ineffective assistance defendant must establish both prongs of a two-prong test. First, he must demonstrate that there was deficient performance and that but for that performance there was a reasonable probability that the result of the proceeding would have been different. Based on the plea actually tendered to Rodriguez-Lopez and in light of the extensive discussion on the record with Rodriguez-Lopez during the plea colloquy and sentencing, there is no basis for defendant's present claim that he received ineffective assistance of counsel. In fact, counsel's performance and negotiation benefitted Rodriguez-Lopez and guaranteed him a sentence much less than could have been the case had he pleaded to other charges or gone to trial and been found guilty. Defendant made a choice, a wise one in my view, to accept the plea and avoid the potential drastic sentence that could have resulted otherwise. Rodriguez-Lopez was fully apprised of all aspects of the plea, the facts supporting it and the agreed upon sentence.

For all the reasons set forth in the Government's answer to the petition (Dkt. #319), as well as those matters set forth here, I find no basis to grant the relief requested and, therefore, this petition must, and hereby is, denied and dismissed.

CONCLUSION

The petition of Rodney Rodriguez-Lopez seeking relief pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed.

I decline to issue a certificate of appealability because Rodriguez-Lopez has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 5, 2009.